STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

---

Advisors Mortgage LLC,

Plaintiff,

v.

Real Source Title, LLC; New Millennium Title Group, LLC;
John C. Povejsil, individually and as a shareholder, member,
officer, governor, director or any other capacity of Real Source
Title, LLC; Jason E. Fischer, individually and as a shareholder,
Member, officer, governor director or any other capacity of
Real Source Title, LLC; Frank T. Griebenow, individually and
as a shareholder, member, officer, governor, director or any
other capacity of New Millennium Title Group, LLC; and
John Doe and Mary Roe, whose true names and interests are
unknown; and XYZ Company, whose true name and interest
is unknown,

Defendants.

Case Type:  Other Civil

**SUMMONS**

---

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to serve upon plaintiff's attorneys an Answer to

the Complaint which is herewith served upon you, within twenty (20) days after service of this

Summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default

will be taken against you for the relief demanded in the Complaint.

Dated:      August 27 , 2009

By: _Scott E. Miller_
Scott E. Miller
Miller & Kellermeier, P.A.
Attorneys for Plaintiff Advisors Mortgage LLC
Attorney I.D. No. 12557X
3601 Minnesota Drive, Suite 800
Edina, MN 55435
952-820-1155

STATE OF MINNESOTA                          DISTRICT COURT

COUNTY OF HENNEPIN                   FOURTH JUDICIAL DISTRICT

---

Case Type:  Other Civil

Advisors Mortgage LLC,

Court File No._____

Plaintiff,

v.                                          **COMPLAINT**

Real Source Title, LLC; New Millennium Title Group, LLC;
John C. Povejsil, individually and as a shareholder, member,
officer, governor, director or any other capacity of Real Source
Title, LLC; Jason E. Fischer, individually and as a shareholder,
Member, officer, governor director or any other capacity of
Real Source Title, LLC; Frank T. Griebenow, individually and
as a shareholder, member, officer, governor, director or any
other capacity of New Millennium Title Group, LLC; and
John Doe and Mary Roe, whose true names and interests are
unknown; and XYZ Company, whose true name and interest
is unknown,

Defendants.

---

Plaintiff, Advisors Mortgage LLC (hereinafter "Plaintiff" or "Advisors"), for its Complaint

against Defendants Real Source Title, LLC ("Real Source"), New Millennium Title Group, LLC

("New Millennium"), John C. Povejsil ("Povejsil"), Jason E. Fischer ("Fischer"), Frank T.

Griebenow ("Griebenow"), John Doe ("Doe") and Mary Roe ("Roe"), and XYZ Company ("XYZ")

(collectively "Defendants") hereby states and alleges upon information and belief as follows:

## RECITALS

1.      That Plaintiff Advisors at all time relevant hereto is a Minnesota limited liability company conducting business as a mortgage banker in Minnesota with its headquarters in Hennepin County.

2.      That Defendant Real Source is a Minnesota limited liability company conducting business in Minnesota as a title insurance company.

3.      That Defendant New Millennium is a Minnesota limited liability company conducting business in Minnesota as a title insurance company.

4.      That Defendant Povejsil is believed to live in the State of Minnesota and is related in some capacity to Real Source.

5.      That Defendant Fischer is a principal of Real Source.

6.      That Defendant Griebenow is believed to be a principal of New Millennium.

7.      That Defendants John Doe and Mary Roe are as of the date of this Complaint are believed to have their residence in Minnesota

8.      That XYZ Company conducts operations in the State of Minnesota and is believed to be domiciled in Minnesota.

9.      That based on the aforementioned, jurisdiction and venue are proper in Hennepin County, Minnesota in this District Court.

## GENERAL ALLEGATIONS

10.     Advisors received a Closing Protection Letter from Attorneys Title Guaranty Fund ("Attorneys Title") dated March 3, 2009 for a refinance for William Harper and Trudy Harper ("Harpers").

11.     As a condition of the loan, the Harpers' mortgage to CitiMortgage was to be replaced with a new mortgage.

12.     Advisors was advised that Real Source and New Millennium were merging.

13.     Advisors had placed a total of two orders with Real Source just like the Instant One.

14.     Two of those orders were properly closed.

15.     Advisors was told by Real Source to send the wired funds to an account of Real Source and not New Millennium which was contrary to earlier instructions to wire the funds to New Millennium.

16.     Closing funds were sent to Real Source as directed by New Millennium.

17.     The closing company was changed from Real Source to New Millennium.

18.     The "closing" took place on April 15, 2009.

19.     Real Source did not pay the underlying mortgage as it absconded with the wired funds.

20.     To date, the underlying mortgage to CitiMortgage has not been paid off as it should have been from the funds Advisors wired to Real Source nor has Real Source returned the funds to Plaintiff.

## COUNT I - IMPLIED AND EXPRESSED COVENANT OF
## GOOD FAITH AND FAIR DEALING

21.    Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 20 of its Complaint as fully set forth herein above and incorporates the same herein by reference.

22.    In every Minnesota contract, including the contracts between Plaintiff and Defendants, there is implied a Covenant of Good Faith and Fair Dealing by which each party impliedly covenants to perform the terms of the contract fairly and in good faith.

23.    That Plaintiff has at all times performed its obligations under said contracts, including its implied covenant of good faith and fair dealing, except to the extent that its performance may have been excused by Defendants' non-performance.

24.    Defendants have breached their implied covenant of good faith and fair dealing by failing to apply mortgage funds for the new mortgage to pay off an existing mortgage to CitiMortgage.

25.    As a result of Defendants' breach, Plaintiff has and will suffer damages due to such breach, said damages in an amount as of yet undetermined, but which damages are in excess of $50,000.00.

## COUNT II - BREACH OF FIDUCIARY DUTY

26.    Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 25 of its Complaint as fully set forth herein above and incorporates the same herein by reference.

27.    That the Defendants had a fiduciary duty to Plaintiff based upon Plaintiff's position as principal and Defendants as agents for Advisors for which Defendants were to act in Plaintiff's best interest, including the proper payment to CitiMortgage to satisfy its mortgage.

28.     That Defendants' failure to properly apply the wired funds constitutes a breach of their fiduciary duty by knowingly and significantly deceiving the Plaintiff in where to wire funds for the new mortgage to the Harpers and pay off the existing mortgage.

29.     That Plaintiff has and will suffer damages due to such breach by Defendants in an amount as of yet undetermined, but which amount is in excess of $50,000.00.

## COUNT III - INTENTIONAL MISREPRESENTATION

30.     Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 29 of its Complaint as fully set forth herein above and incorporates the same herein by reference.

31.     That Defendants made false representations to Plaintiff that they would properly apply Plaintiff's funds and had knowledge that such representations were false.

32.     That said representations were communicated to Plaintiff.

33.     That Defendants intended to deceive and to induce Plaintiff's reliance on such representations and Plaintiff reasonably relied on such representations.

34.     That Plaintiff has and will suffer damages due to such intentional misrepresentation by Defendants, in an amount as of yet undetermined, but which amount is in excess of $50,000.00.

## COUNT IV - NEGLIGENT MISREPRESENTATION

35.     Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 34 of its Complaint as fully set forth herein above and incorporates the same herein by reference.

36.     That Defendants promised Plaintiff to act in good faith as Plaintiff's agent.

37.     That Defendants' representations to Plaintiff were false, having to do with a material past or present fact which was susceptible of knowledge, that Defendants knew to be false or asserted without knowledge as to its truth or falsity, with the intent to induce Plaintiff to act and

Plaintiff was induced to act and rely on such negligent misrepresentations and Plaintiff suffered damages attributable to such misrepresentation.

38.     That Plaintiff has and will suffer damages due to such negligent misrepresentation by Defendants, in an amount as of yet undetermined, but which amount is in excess of $50,000.00.

## COUNT V - BREACH OF CONTRACT

39.     Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 38 of its Complaint as fully set forth herein above and incorporates the same herein by reference.

40.     Plaintiff and Defendants entered into an implied contract wherein Plaintiff was to wire funds to Defendants for payment of Harpers' prior mortgage and creation of a funded "new" mortgage.

41.     Defendants were to have accepted the wired funds from Plaintiff Advisors and applied it to the then existing mortgage being refinanced.

42.     Said contract was both oral and written.

43.     Plaintiff performed all the stipulations, conditions and agreements required of it under the terms of said contract.

44.     Defendants have failed and refused and still fail and refuse to perform their part of the contract by properly applying the wired funds or otherwise returning the monies to Plaintiff.

45.     Due to Defendants' breach of contract, Plaintiff has suffered damages in an amount as of yet undetermined, but which amount is in excess of $50,000.00.

## COUNT VI - UNJUST ENRICHMENT

46.     Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 45 of its Complaint as fully set forth herein above and incorporates the same herein by reference.

47.     Defendants did not properly apply the wired funds of Plaintiff and instead kept said funds for their own self interest.

48.     Defendants will be unjustly enriched if they do not return the wired funds to Plaintiff.

49.     As a result of Defendants' failure to properly apply the wired funds, Plaintiff has been damaged in an amount as of yet undetermined, but which amount is in excess of $50,000.00.

## COUNT VII - PROMISSORY/EQUITABLE ESTOPPEL

50.     Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 49 of its Complaint as fully set forth herein above and incorporates the same herein by reference.

51.     Defendants made specific representations to Plaintiff that it would properly apply the wired funds.

52.     Said representations induced Plaintiff to reasonably rely on such representations by Defendants.

53.     Said reliance has resulted in harm to Plaintiff based on Plaintiff's loss of the wired funds and reliance upon said promises by Defendants.

54.     Plaintiff has been harmed by its reliance on Defendants' promises.

55.     As a result of Plaintiff's detrimental reliance, it has suffered damages in an amount as of yet undetermined, but which amount is in excess of $50,000.00.

## COUNT VIII - CONSTRUCTIVE TRUST

56.     Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 55 of its Complaint as fully set forth herein above and incorporates the same herein by reference.

57.     Defendants agreed to act on Plaintiff's behalf.

58.     Defendants have failed to return the money which is the subject matter of Plaintiff's Complaint or properly apply it to the existing mortgage.

59.     The Defendants, and each of them, on information and belief are not in the process of returning Plaintiff's wired funds.

60.     Plaintiff should be entitled to have a constructive trust placed on the monies unlawfully detained by Defendants.

61.     Defendants should be enjoined from transferring said monies, or its equivalent, unless and until Defendants have fully repaid Plaintiff.

62.     Plaintiff has and will suffer damages due to Defendants' failure to either pay off the then existing mortgage or return the funds to Plaintiff in an amount as of yet undetermined, but which amount is in excess of $50,000.00.

## COUNT IX - EQUITABLE LIEN

63.     Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 62 of its Complaint as fully set forth herein above and incorporates the same herein by reference.

64.     Defendants agreed to properly handle the wired funds for the Harpers' closing.

65.     Through the intentional actions of Defendants, the Defendants have failed to properly apply the wired funds as directed by Plaintiff or return said wired funds to Plaintiff.

66.     Unless and until Defendants remit said monies to Plaintiff, Plaintiff should be entitled to an equitable lien on all of Defendants' real and personal property until Defendants have returned such funds to Plaintiff.

67.     Plaintiff has and will suffer damages due to Defendants' failure in an amount as of yet undetermined, but which amount is in excess of $50,000.00.

## COUNT X - CONVERSION

68.     Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 67 of its Complaint as fully set forth herein above and incorporates the same herein by reference.

69.     Defendants are legally bound to properly apply the wired funds or return them to Plaintiff.

70.     Defendants have wrongfully retained the wired funds and have not paid them to Plaintiff.

71.     Said failure to return said funds to Plaintiff constitutes the wrongful deprivation of Plaintiff's property.

72.     Plaintiff has been deprived of said property without Plaintiff's consent.

73.     Due to such conversion by Defendants, Plaintiff has and will suffer damages due to such conversion in an amount as of yet undetermined, but which amount is in excess of $50,000.00.

## COUNT XI - MISAPPROPRIATION OF BUSINESS OPPORTUNITY

74.     Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 73 of its Complaint as fully set forth herein above and incorporates the same herein by reference.

75.     Defendants are wrongfully withholding funds received from Plaintiff.

76.     Said failure to return the funds to Plaintiff constitutes a misappropriation of a business opportunity by Defendants.

77.     As a result of Defendant's wrongful appropriation of Plaintiff's business opportunity, that being the proper allocation of the wired funds, Plaintiff has and will suffer damages due to such misappropriation by Defendants in an amount as of yet undetermined, but which amount is in excess of $50,000.00.

## COUNT XII - CONCEALMENT

78.     Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 77 of its Complaint as fully set forth herein above and incorporates the same herein by reference.

79.     Defendants promised Plaintiff it would properly apply its funds.

80.     Defendants however, intentionally concealed from Plaintiff their intention not to properly apply the wired funds or return them to Plaintiff.

81.     Plaintiff, by Plaintiff's reliance on Defendants' false and fraudulent representations that they made to Plaintiff, has been damaged in an amount as of yet undetermined, but which amount is in excess of $50,000.00.

## COUNT XIII - CONSPIRACY

82.     Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 81 of its Complaint as fully set forth herein above and incorporates the same herein by reference.

83.     Plaintiff was promised by Defendants that it would properly apply the wired funds.

84.     Through the knowing, willful and deliberate intent to defraud Plaintiff, Defendants conspired and agreed among themselves to withhold the funds from Plaintiff.

85.     Based upon such information and belief, Plaintiff alleges that Defendants, and each of them, did the acts and things alleged pursuant to and in furtherance of such conspiracy.

86.     As a proximate result of Defendants' acts of conspiracy, Plaintiff has been damaged in an amount as of yet undetermined, but which amount is in excess of $50,000.00.

## COUNT XIV - TEMPORARY INJUNCTION

87.     Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 86 of its Complaint as fully set forth herein above and incorporates the same herein by reference.

88.     In making this Complaint, Plaintiff feels Defendants are likely to take certain actions including but not limited to disposing of Plaintiff's funds.

89.     The Defendants should be enjoined from taking any action except to repay Plaintiff.

90.     Plaintiff faces the existence or threat of irreparable injury, loss or damage if the injunction is denied.

91.     Said injunction is necessary to protect Plaintiff's funds.

92.     Granting Plaintiff's request for an injunction will cause no harm to Defendants.

93.     It is likely that Plaintiff will prevail on the merits of this request as Plaintiff's concerns are real and Plaintiff is in imminent danger of suffering such harm.

94.     Granting Plaintiff's request for an injunction is in the public interest.

95.     There will be either no administrative burden in conjunction with granting Plaintiff's request for an injunction or it is outweighed by the potential harm to Plaintiff.

96.     This Court should grant Plaintiff's request for an injunction to protect Plaintiff from being permanently deprived of its funds.

## COUNT XV - TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS

97.     Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 96 of its Complaint as fully set forth herein above and incorporates the same herein by reference.

98.     Plaintiff is being forced to return the funds to its investor.

99.     Defendants by and through their employees and agents have without justification interfered with Plaintiff's ability to perform a proper closing.

100.    Due to the acts and/or omissions of Defendants, Plaintiff has and will suffer damages due to such conversion in an amount as of yet undetermined, but which amount is in excess of $50,000.00.

## COUNT XVI - VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)

101.    Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 100 of its Complaint as fully set forth therein and incorporates the same herein by reference.

102. Defendants made numerous fraudulent representations to Plaintiff, upon which Plaintiff detrimentally relied.

103. Defendants intentionally and systematically breached their contracts with Plaintiff.

104. Defendants converted Plaintiff's funds for their own benefit.

105. Defendants engaged in a conspiracy to defraud Plaintiff.

106. Defendants intentionally concealed information from Plaintiff in order to defraud it.

107. For the purpose of executing and attempting to execute the aforesaid schemes to defraud, the Defendants repeatedly lied to Plaintiff.

108. Defendants repeatedly caused to be made and made both interstate and intrastate telephone calls and other uses of intrastate wire facilities to and from this district and elsewhere in repeated violation of 18 U.S.C. 1343 (Wire Fraud).

109. Defendants delayed, manipulated and misrepresented information provided to Plaintiff.

110. The aforementioned multiple acts of racketeering activity by the Defendants were interrelated, part of a common and continuous pattern of fraudulent schemes, and perpetrated for the same or similar purposes, thus constituting a pattern of rackcteering activity as defined in 18 U.S.C. 1961(5).

111. Defendants engaged in the conduct of an enterprise through a pattern of racketeering activity in violation of 18 U.S.C. 1961 *et seq.*

112. Defendants racketeering activity caused Plaintiff to suffer damages in an amount as of yet undetermined, but which amount is in excess of $50,000.00.

## COUNT XVII – PREJUDGMENT ATTACHMENT

113.    Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 112 of its Complaint as fully set forth therein and incorporates the same herein by reference.

114.    Defendants have Plaintiff's money and/or know where the funds have been kept beyond the reach of Plaintiff.

115.    If Plaintiff is denied the relief sought herein, it is likely that Plaintiff will never be able to enforce return of said funds and will suffer irreparable damages if the monies are not held for the benefit of Plaintiff.

116.    Due to the actions and/or omissions of Defendants, Plaintiff has and will suffer damages in an amount as of yet undetermined, but which amount is in excess of $50,000.00.

## COUNT XVIII – DECLARATORY JUDGMENT

117.    Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 116 of its Complaint as fully set forth therein and incorporates the same herein by reference.

118.    Plaintiff seeks a declaratory judgment that Plaintiff is the rightful owner pursuant to Minn. Stat. §555.01, *et seq.*

119.    Plaintiff will prevail on the merits of this action.

120.    Due to the actions and/or omissions of Defendants, Plaintiff has and will suffer damages due to such conversion in an amount as of yet undetermined, but which amount is in excess of $50,000.00.

## COUNT XIX – COMMON LAW FRAUD

121.    Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 120 of its Complaint as fully set forth therein and incorporates the same herein by reference.

122. Defendants made representations to Plaintiff that they would pay the existing CitiMortgage lien in full.

123. Defendants knew those statements were false when made.

124. The representations involved a past or present fact.

125. Said representations were material and susceptible of knowledge of Defendants.

126. Represeter knows such representations to be false or asserted them without knowledge of whether the fact is true.

127. The misrepresentations were made with the intent to induce others to act.

128. Plaintiff justifiably relied upon Defendants' statements.

129. The other person was so induced to act and did so.

130. Due to the actions and/or omissions of Defendants, Plaintiff has and will suffer damages due to such conversion in an amount as of yet undetermined, but which amount is in excess of $50,000.00.

## COUNT XX – UNIFORM DECEPTIVE TRADE PRACTICES
## MINN. STAT. §325d 43-48

131. Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 130 of its Complaint as fully set forth therein and incorporates the same herein by reference.

132. A person engages in a deceptive trade practice when it does one of the 13 prohibited actions outlined in the statute.

133. Defendants have engaged in deceptive trade practices.

134. Due to Defendants' deceptive trade practices, Plaintiff has and will suffer damages in an amount as of yet undetermined, but which amount is in excess of $50,000.00.

## COUNT XXI – EQUITABLE SUBROGATION

135.   Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 134 of its Complaint as fully set forth therein and incorporates the same herein by reference.

136.   Defendants have converted Plaintiff's funds to their own use.

137.   Should Defendants purchase any real or personal property, the Plaintiff's rights of subrogation shall entitle Plaintiff to be subrogated to any rights of Defendants.

138.   Plaintiff has and will suffer damages due to such conversion in an amount as of yet undetermined, but which amount is in excess of $50,000.00.

## COUNT XXII – EQUITABLE SUBORDINATION

139.   Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 138 of its Complaint as fully set forth therein and incorporates the same herein by reference.

140.   Defendants have converted Plaintiff's funds to their own use.

141.   Should Defendants purchase any real or personal property, subordination shall entitle Plaintiff to be superior to any action.

142.   Plaintiff has and will suffer damages due to such conversion in an amount as of yet undetermined, but which amount is in excess of $50,000.00.

## COUNT XXIII – ACCOUNTING

143.   Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 142 of its Complaint as fully set forth therein and incorporates the same herein by reference.

144.   Defendants took Plaintiff's funds for their own use.

145.   Plaintiff should be allowed to inspect Defendants' books and records.

146.     Plaintiff has and will suffer damages due to such conversion in an amount as of yet undetermined, but which amount is in excess of $50,000.00, and therefore, is entitled to an accounting.

## COUNT XXIV – RESCISSION

147.     Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 146 of its Complaint as fully set forth therein and incorporates the same herein by reference.

148.     Defendants stole Plaintiff's funds.

149.     Plaintiff should be able to rescind the transaction based on the Doctrine of Rescission.

150.     Plaintiff has and will suffer damages due to Defendants' conduct in an amount as of yet undetermined, but which amount is in excess of $50,000.00.

## COUNT XXV – UNCONSCIONABILITY

151.     Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 150 of its Complaint as fully set forth therein and incorporates the same herein by reference.

152.     Defendants stole Plaintiff's monies.

153.     It would shock the conscience should Defendants be allowed to keep Plaintiff's monies.

154.     Due to Defendants' conduct, Plaintiff has and will suffer damages due to such conversion in an amount as of yet undetermined, but which amount is in excess of $50,000.00.

## COUNT XXVI – CIVIL LIABILITY FOR THEFT
## MINN. STAT. §604.14

155.     Plaintiff realleges each and every matter and thing contained in Paragraphs 1 through 154 of its Complaint as fully set forth therein and incorporates the same herein by reference.

156.     Defendants have absconded with Plaintiff's funds.

157.   Minn. Stat. §604.14 provides a remedy to Plaintiff.

158.   Due to Defendants' conduct, Plaintiff has and will suffer damages due to such conversion in an amount as of yet undetermined, but which amount is in excess of $50,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Advisors Mortgage prays for relief from this Court as follows:

**A.   Judgment for Plaintiff and against Defendants on each of Plaintiff's causes of action as stated in the Complaint as follows:**

**COUNT I - IMPLIED AND EXPRESSED COVENANT OF GOOD FAITH AND FAIR DEALING.** As a result of Defendant's breach, Advisors has and will suffer damages due to such breach, said damages in an amount as of yet undetermined, but which damages are in excess of $50,000.00;

**COUNT II - BREACH OF FIDUCIARY DUTY.** That Plaintiff has and will suffer damages due to such breach by Defendants in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

**COUNT III - INTENTIONAL MISREPRESENTATION.** That Plaintiff has and will suffer damages due to such intentional misrepresentation by Defendants, in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

**COUNT IV - NEGLIGENT MISREPRESENTATION.** That Plaintiff has and will suffer damages due to such negligent misrepresentation by Defendants, in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

**COUNT V - BREACH OF CONTRACT.** Due to Defendants' breach of contract, Plaintiff has suffered damages in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

**COUNT VI - UNJUST ENRICHMENT**. As a result of Defendants' failure to issue such equity grants, Plaintiff has been damaged in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

**COUNT VII - PROMISSORY/EQUITABLE ESTOPPEL**. As a result of Plaintiff's detrimental reliance, it has suffered damages in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

**COUNT VIII - CONSTRUCTIVE TRUST**. That Plaintiff has and will suffer damages due to Defendants' failure to return the funds to Plaintiff in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

**COUNT IX - EQUITABLE LIEN**. That Plaintiff has and will suffer damages due to Defendants' failure to return the funds to Plaintiff in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

**COUNT X - CONVERSION**. Due to such conversion by Defendants, Plaintiff has and will suffer damages due to such conversion in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

**COUNT XI - MISAPPROPRIATION OF BUSINESS OPPORTUNITY**. As a result of Defendants' wrongful misappropriation of Plaintiff's business opportunity, that being the improper application of Plaintiff's funds, Plaintiff has and will suffer damages due to such misappropriation by Defendants in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

**COUNT XII - CONCEALMENT**. Plaintiff, by Plaintiff's reliance on Defendants' false and fraudulent representations that they made to Plaintiff, has been damaged in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

**COUNT XIII - CONSPIRACY**.  As a proximate result of Defendants' acts of conspiracy, Plaintiff has been damaged in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

**COUNT XIV - TEMPORARY INJUNCTION**.  As a result of Plaintiff bringing this action, Plaintiff is entitled to its request for an injunction enjoining and prohibiting Defendants from taking any action either directly or indirectly or through others transferring Plaintiff's funds. Plaintiff has and will suffer damages due to such action by Defendants, in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

**COUNT XV - TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS**.  Plaintiff has and will suffer damages due to such tortuous interference by Defendants, in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

**COUNT XVI - VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)**.  As a result of said RICO violations by Defendants, Plaintiff has suffered damages to its property and business in an amount as of yet undetermined, but which amount is in excess of $50,000.00, and is further entitled to an award of threefold the damages suffered; an order enjoining Defendants and their employees from engaging in any additional unlawful acts including violation of 18 U.S.C. 1961 *et seq.* (RICO); an order retaining jurisdiction for the purpose of assuring that Defendants comply in all respects with the orders of this Court; and an award of costs of this suit, including reasonable attorney's fees and costs.

**COUNT XVII – PREJUDGMENT ATTACHMENT**.  Plaintiff has and will suffer damages due to such action by Defendants, in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

**COUNT XVIII – DECLARATORY JUDGMENT.** Plaintiff has and will suffer damages due to such action by Defendants, in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

**COUNT XIX – COMMON LAW FRAUD.** Plaintiff has and will suffer damages due to such action by Defendants, in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

**COUNT XX – UNIFORM DECEPTIVE TRADE PRACTICES. MINN. STAT. §325d 43-48.** Plaintiff has and will suffer damages due to such action by Defendants, in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

**COUNT XXI – EQUITABLE SUBROGATION.** Plaintiff has and will suffer damages due to such action by Defendants, in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

**COUNT XXII – EQUITABLE SUBORDINATION.** Plaintiff has and will suffer damages due to such action by Defendants, in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

**COUNT XXIII – ACCOUNTING.** Plaintiff has and will suffer damages due to such action by Defendants, in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

**COUNT XXIV – RESCISSION.** Plaintiff has and will suffer damages due to such action by Defendants, in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

**COUNT XXV – UNCONSCIONABILITY.** Plaintiff has and will suffer damages due to such action by Defendants, in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

**COUNT XXVI – CIVIL LIABILITY FOR THEFT. MINN. STAT. §604.14.**

Plaintiff has and will suffer damages due to such action by Defendants, in an amount as of yet undetermined, but which amount is in excess of $50,000.00;

B.    For prejudgment interest on each of the aforementioned causes of action pursuant to Minnesota Statutes Sections 549.09 et. seq;

C.    For costs and disbursements incurred by Plaintiff in prosecuting this action, including its reasonable attorney fees on all counts plead herein;

D.    For such other and further relief as the Court deems just and equitable; and

E.    The Plaintiff reserves the right to petition the Court to amend its pleadings to include a claim for punitive damages pursuant to Minnesota Statute Section 549.20.

Dated:        August 27, 2009

By: _Scott E. Miller_

Scott E. Miller
Miller & Kellermeier, P.A.
Attorneys for Plaintiff Advisors Mortgage LLC
Attorney I.D. No. 12557X
3601 Minnesota Drive, Suite 800
Edina, MN 55435
952-820-1155

## ACKNOWLEDGMENT

The undersigned hereby acknowledges pursuant to Minnesota Statutes Section 549.21, Subd.

2, that costs, disbursements and reasonable attorney and witness fees may be awarded to the party

against whom the allegations in this pleading are asserted.

**MILLER & KELLERMEIER, P.A.**

By:

Scott E. Miller
Attorney Identification Number 12557X

## VERIFICATION

Darin Heller, being first duly sworn on oath, deposes and states as follows:

1.    That he is the *President* of Plaintiff named in the foregoing Complaint;

2.    That he has read the aforementioned and knows the contents thereof and that the same is true of his own knowledge, except those matters therein alleged on information and belief, and as to those matters, he believes them to be true.

_____
Darin Heller

STATE OF MINNESOTA    )
                      ) ss.
COUNTY OF *Washington*

Subscribed and sworn to before me this *28th* day of August, 2009 by Darin Heller.

_____
Notary Public

KATHLEEN RAE LAWLER
Notary Public
Minnesota
My Commission Expires January 31, 2010