UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Advisors Mortgage LLC,

        Plaintiff,

v.                                                                                                    Civil No. 09-2556 (JNE/JSM)
                                                                                                  ORDER

Real Source Title, LLC; New Millennium Title
Group, LLC; John C. Povejsil, individually and
as a shareholder, member, officer, governor,
director, or any other capacity of Real Source
Title, LLC; Jason E. Fischer, individually and
as a shareholder, member, officer, governor,
director, or any other capacity of Real Source
Title, LLC; Frank T. Griebenow, individually and
as a shareholder, member, officer, governor,
director, or any other capacity of New Millennium
Title Group, LLC; John Doe and Mary Roe,
whose true names and interests are unknown; and
XYZ Company, whose true name and interests
are unknown,

        Defendants.

Plaintiff brought this action in state court asserting twenty-six claims arising out of a mortgage refinance. Defendants Frank T. Griebenow and New Millennium Title Group, LLC, removed the action to this Court with the consent of Defendants John C. Povejsil and Real Source Title, LLC.[1] The sole basis for federal subject matter jurisdiction is Count XVI, which asserts a civil violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961-1968 (2006). Griebenow and New Millennium Title Group moved to dismiss all counts, and a hearing on the motion is scheduled for Thursday, December 3, 2009. On November 23, 2009, Plaintiff filed an untimely "reply," *see* D. Minn. LR 7.1(b)(2), alleging that New Millennium Title Group and Real Source Title were engaged in a joint venture. In a letter

---

[1] Griebenow and New Millennium Title Group assert in their Notice of Removal that the remaining defendants have not been served.

filed on CM/ECF, Griebenow and New Millennium Title Group now ask the Court to strike Plaintiff's untimely filing and prohibit Plaintiff from participating in oral argument. The Court does not address these arguments because, for the reasons stated below, the Court lacks subject matter jurisdiction over this action.

The Court, being a court of limited jurisdiction, has an independent obligation to examine cases brought before it to ensure that jurisdiction is proper. *See Sac & Fox Tribe of the Miss. in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006) ("Even in the absence of a challenge from any party, courts have an independent obligation to determine whether subject matter jurisdiction exists."); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004) ("Any party or the court may, at any time, raise the issue of subject matter jurisdiction."). Twenty-five of twenty-six counts are purely state law claims. The only basis for removal to federal court was Count XVI, the purported RICO claim. That claim is facially—and fatally—flawed. There is no indication of which subsection of 18 U.S.C. § 1962 is allegedly violated, the Complaint does not allege the enterprise asserted to have been operated through a pattern of racketeering activity, and the Complaint does not contain any factual allegations plausibly suggesting a pattern of racketeering activity. Although a plaintiff's failure to prove its contentions does not deprive a court of jurisdiction, the RICO claim alleged here is so clearly without merit that the Court lacks subject matter jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 682-83 (1946) (noting exception to federal question jurisdiction where "claim is wholly insubstantial"); *Oak Park Trust & Sav. Bank v. Therkildsen*, 209 F.3d 648, 651 (7th Cir. 2000) (holding district court lacked subject matter jurisdiction where "feeble" RICO claim arising from single real estate sales scheme fell "well short" of alleging pattern of racketeering activity); *cf. Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (holding that bare assertions and

recitation of elements of claim do not state plausible claim for relief). Because the RICO claim is wholly insubstantial and the Court is without subject matter jurisdiction, the Court dismisses Count XVI and remands this action to state court.

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Count XVI is DISMISSED WITH PREJUDICE.

2. Griebenow and New Millennium Title Group's motion to dismiss [Docket No. 6] is DENIED AS MOOT.

3. The hearing scheduled for Thursday, December 3, 2009, at 2:00 p.m. is CANCELLED.

4. This action is REMANDED to the Fourth Judicial District of the State of Minnesota.

5. The Clerk of Court shall mail a certified copy of this Order to the clerk of the Fourth Judicial District of the State of Minnesota as required by 28 U.S.C. § 1447(c) (2006).

Dated: November 24, 2009

                                                  s/ Joan N. Ericksen
                                                  JOAN N. ERICKSEN
                                                  United States District Judge